1   STEPHEN P. ELLINGSON (SBN 136505)
    sellingson@hayesscott.com
2   DARA M. TANG (SBN 231413)
    dtang@hayescott.com
3   HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
    203 Redwood Shores Parkway, Suite 480
4   Redwood City, CA 94065
    Telephone:  650.637.9100
5   Facsimile:  650.637.8071

6   Attorneys for Plaintiffs
    HOLLYMATIC CORPORATION and JAMES AZZAR

7

8   STEVEN L. UNDERWOOD
    sunderwood@priceheneveld.com
9   PRICE HENEVELD LLP
    695 Kenmoor S.E.
10  P.O. Box 2567
    Grand Rapids, Michigan 49501
11  Telephone – (616) 949-9610

12  Facsimile – (616) 957-8196

    *Co-Counsel for Plaintiffs (Admitted Pro Hac Vice)*
13

14              IN THE UNITED STATES DISTRICT COURT

15           FOR THE CENTRAL DISTRICT OF CALIFORNIA

16  HOLLYMATIC CORPORATION, an            CASE NO. CV12-3246 R (AGRx)
    Illinois corporation, and JAMES AZZAR,
17  a Michigan resident,                  **ORDER**

18              Plaintiffs,

19  v.

20  INTERSTATE MEAT & PROVISION
    d/b/a STERLING MEAT COMPANY, a
21  California corporation,

22              Defendants.

23

24       PURSUANT TO STIPULATION BETWEEN THE PARTIES ENTERED

25  INTO ON OCTOBER 4, 2012, THE PARTIES STIPULATE AND AGREE AS

26  FOLLOWS:

27       1.     PURPOSES AND LIMITATIONS.

28       Disclosure and discovery activity in this action are likely to involve production

409730                              - 1 -

of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. To protect against the improper use or disclosure of such information, the parties agree that good cause exists for the entry of this Stipulated Protective Order pursuant to the Federal Rules of Civil Procedure, Rule 26(c). Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS.

2.1    Challenging Party. A Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Designating Party. a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4    Disclosure or Discovery Material. all items or information, regardless of the medium or manner in which it is generated, stored, or maintained

1    (including, among other things, testimony, transcripts, and tangible things), that are

2    produced or generated in disclosures or responses to discovery in this matter.

3              2.5    Expert. A person with specialized knowledge or experience in a

4    matter pertinent to the litigation who (1) has been retained by a Party or its counsel to

5    serve as an expert witness or as a consultant in this action, (2) is not a past or current

6    employee, officer, shareholder, or director of a Party or of a Party's competitor, and

7    (3) at the time of retention, is not anticipated to become an employee, officer,

8    shareholder, or director of a Party or of a Party's competitor.

9              2.6    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

10   Information or Items: extremely sensitive "Confidential Information or Items,"

11   disclosure of which to another Party or Non-Party would create a substantial risk of

12   serious harm that could not be avoided by less restrictive means. This category of

13   designation shall at this time be limited to: engineering and manufacturing

14   documents, such as plans, specifications, blueprints, drawings, and procedures;

15   supplier and customer lists and information; product pricing and sales information;

16   business information, including, but not limited to, strategic plans or analysis; past,

17   current, and future product plans for those not yet commercially released; profits,

18   profit margins, and like non-public financial data showing profitability information

19   or from which profitability information can be calculated. In the event that a

20   Producing Party is asked to disclose information that the Producing Party believes is

21   extremely sensitive but does not fall within the list of categories in the preceding

22   sentence, the Producing Party shall inform the Receiving Party in writing that the

23   Producing Party (a) believes that the information is extremely sensitive, (b) should be

24   marked "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and be

25   afforded the protections of information so marked under this protective order, and

26   (c) provide an explanation as to why the information should so qualify.  The

27   Receiving Party must, within 10 business days, respond in writing either (a)

28   "Agreed" or (b) "Disagreed." If the Receiving Party responds "Agreed," then the

Producing Party can properly designate the information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and the matter is resolved. If the Receiving Party responds "Disagreed," then the Receiving Party must also simultaneously provide a written explanation of why the information is not extremely sensitive and why the Receiving Party would be prejudiced if the information was marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Producing Party must either then produce the information without the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation or, within 15 business days of receipt of the Receiving Party's disagreement, file a motion for a protective order.

> 2.7 <u>House Counsel</u>. Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

> 2.8 <u>Non-Party</u>. Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

> 2.9 <u>Outside Counsel of Record</u>. Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and are not House Counsel.

> 2.10 <u>Party</u>. Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

> 2.11 <u>Producing Party</u>. A Party or Non-Party that produces Disclosure or Discovery Material in this action.

> 2.12 <u>Professional Vendors</u>. Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material. Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14   Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

1   including the time limits for filing any motions or applications for extension of time

2   pursuant to applicable law.

3        5.     DESIGNATING PROTECTED MATERIAL.

4        5.1     Exercise of Restraint and Care in Designating Material for

5   Protection. Each Party or Non-Party that designates information or items for

6   protection under this Order must take care to limit any such designation to specific

7   material that qualifies under the appropriate standards. To the extent it is practical to

8   do so, the Designating Party must designate for protection only those parts of

9   material, documents, items, or oral or written communications that qualify—so that

10   other portions of the material, documents, items, or communications for which

11   protection is not warranted are not swept unjustifiably within the ambit of this Order.

12        Mass, indiscriminate, or routinized designations are prohibited. Designations

13   that are shown to be clearly unjustified or that have been made for an improper

14   purpose (e.g., to unnecessarily encumber or retard the case development process or to

15   impose unnecessary expenses and burdens on other parties) expose the Designating

16   Party to sanctions.

17        If it comes to a Designating Party's attention that information or items that it

18   designated for protection do not qualify for protection at all or do not qualify for the

19   level of protection initially asserted, that Designating Party must promptly notify all

20   other parties that it is withdrawing the mistaken designation.

21        5.2     Manner and Timing of Designations. Except as otherwise

22   provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as

23   otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

24   protection under this Order must be clearly so designated before the material is

25   disclosed or produced.

26        Designation in conformity with this Order requires:

27        (a)     for information in documentary form (e.g., paper or

28   electronic documents, but excluding transcripts of depositions or other pretrial or trial

409703

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If a Receiving Party desires to know which portion or portions of the material on a page qualified for protection, the Receiving Party can submit a written request to the Producing Party identifying with particularity the page in question. The Producing Party then must respond to the Receiving Party within five business days by clearly identifying the portion or portions of the material on the page that qualifies for protection (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If a Receiving Party desires to know which portion or portions of the material on a page qualified for protection, the Receiving Party can submit a written request to the Producing Party identifying with particularity the page in question. The Producing Party then must respond to the Receiving Party within five business days by clearly identifying the portion or portions of the material on the page that qualifies for protection (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the

deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

409703

- 8 -

otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. The Receiving Party shall treat all native information in a container (such as a CD) according to its designated level of protection and use appropriate safeguards when printing, copying, emailing, or otherwise separating the information from its container. If a Receiving Party desires to know which portion or portions of the material qualified for protection, the Receiving Party can submit a written request to the Producing Party to identify with particularity the information in question. The Producing Party then must respond to the Receiving Party within five business days by clearly identifying the portion or portions of the information that qualifies for protection (by, for example, identifying the file or portion of the file) and must specify, for each portion, the level of protection being asserted.

5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

The receiving party has an obligation to immediately notify the producing party of an inadvertent disclosure of privileged or otherwise protected information it becomes aware of and immediately cease review of any data reasonably deemed

1    potentially to have been inadvertently produced and return all copies to the producing

2    party with ten days unless agreement is reached as to its proper designation. This

3    protective order constitutes "reasonable steps" to rectify inadvertent disclosures made

4    during production under FRE 502(b)(3) and FRCP 26(b)(5)(B). This agreement does

5    not displace the obligation on the producing party, under FRE 502(b)(2), to take

6    reasonable steps to prevent disclosure of privileged information.

7         6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8         6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

9    designation of confidentiality at any time. Unless a prompt challenge to a

10    Designating Party's confidentiality designation is necessary to avoid foreseeable,

11    substantial unfairness, unnecessary economic burdens, or a significant disruption or

12    delay of the litigation, a Party does not waive its right to challenge a confidentiality

13    designation by electing not to mount a challenge promptly after the original

14    designation is disclosed.

15         6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

16    resolution process by providing written notice of each designation it is challenging

17    and describing the basis for each challenge. To avoid ambiguity as to whether a

18    challenge has been made, the written notice must recite that the challenge to

19    confidentiality is being made in accordance with this specific paragraph of the

20    Protective Order. The parties shall attempt to resolve each challenge in good faith and

21    must begin the process by conferring directly (in voice to voice dialogue; other forms

22    of communication are not sufficient) within 14 days of the date of service of notice.

23    In conferring, the Challenging Party must explain the basis for its belief that the

24    confidentiality designation was not proper and must give the Designating Party an

25    opportunity to review the designated material, to reconsider the circumstances, and, if

26    no change in designation is offered, to explain the basis for the chosen designation. A

27    Challenging Party may proceed to the next stage of the challenge process only if it

28

409703

**[PROPOSED] ORDER- CASE NO. CV12-3246 R (AGRx)**

1  has engaged in this meet and confer process first or establishes that the Designating
2  Party is unwilling to participate in the meet and confer process in a timely manner.

3          6.3     Judicial Intervention. If the Parties cannot resolve a challenge
4  without court intervention, the Designating Party shall file and serve a motion to
5  retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local
6  Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14
7  days of the parties agreeing that the meet and confer process will not resolve their
8  dispute, whichever is earlier. Each such motion must be accompanied by a competent
9  declaration affirming that the movant has complied with the meet and confer
10 requirements imposed in the preceding paragraph. Failure by the Designating Party to
11 make such a motion including the required declaration within 21 days (or 14 days, if
12 applicable) shall automatically waive the confidentiality designation for each
13 challenged designation. In addition, the Challenging Party may file a motion
14 challenging a confidentiality designation at any time if there is good cause for doing
15 so, including a challenge to the designation of a deposition transcript or any portions
16 thereof. Any motion brought pursuant to this provision must be accompanied by a
17 competent declaration affirming that the movant has complied with the meet and
18 confer requirements imposed by the preceding paragraph.

19         The burden of persuasion in any such challenge proceeding shall be on the
20 Designating Party. Frivolous challenges and those made for an improper purpose
21 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
22 expose the Challenging Party to sanctions. Unless the Designating Party has waived
23 the confidentiality designation by failing to file a motion to retain confidentiality as
24 described above, all parties shall continue to afford the material in question the level
25 of protection to which it is entitled under the Producing Party's designation until the
26 court rules on the challenge.

27

28

409703

**[PROPOSED] ORDER- CASE NO. CV12-3246 R (AGRx)**

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary

for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    (a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

409703

**[PROPOSED] ORDER- CASE NO. CV12-3246 R (AGRx)**

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(a)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)   make the information requested available for inspection by the Non-Party.

(b)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

409703

- 15 -

contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in FRCP 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim, but does not preclude the Receiving Party from challenging the claim using the basis that the Producing Party has provided.

12.    MISCELLANEOUS.

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

12.4    Bridge Agreement. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior to and subsequent to entry by the Court.

13.    FINAL DISPOSITION.

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

409703

- 17 -

1   deadline that (1) identifies (by category, where appropriate) all the Protected Material

2   that was returned or destroyed and (2) affirms that the Receiving Party has not

3   retained any copies, abstracts, compilations, summaries or any other format

4   reproducing or capturing any of the Protected Material.

5       Notwithstanding this provision, Counsel are entitled to retain an archival copy

6   of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

7   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

8   work product, and consultant and expert work product, even if such materials contain

9   Protected Material. Any such archival copies that contain or constitute Protected

10  Material remain subject to this Protective Order as set forth in Section 4

11  (DURATION).

12  IT IS SO ORDERED.

13

14  Dated: OCT. 11, 2012      _____

        Judge of the United States District Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on _____, 2012, in the case of *Hollymatic*

*Corporation and James Azzar v. Interstate Meat & Provision d/b/a Sterling Meat*

*Company*, United States District Court for the Central District of California (Case

No. 2:12-cv-03256-R-AGR). I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order, and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full

name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

Signature: _____

Printed name: _____

City and State where sworn and signed: _____